NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

INTERNATIONAL UNION OF PAINTERS :
AND ALLIED TRADES DISTRICT :
COUNCIL 711 HEALTH & WELFARE, :
VACATION, and APPRENTICE FUNDS :
and Harry HARCHETTS, as Trustee and :
Fiduciary; and INTERNATIONAL :
PAINTERS AND ALLIED TRADES :
INDUSTRY PENSION FUND and Gary J. :   Civil No. 08-5575 (AET)
MEYERS, as Trustee and Fiduciary, :
: **OPINION & ORDER**
    Plaintiffs, :
:
        v. :
:
PREMIER PAINTING AND :
DECORATING, INC. d/b/a PREMIER :
INTERIOR DESIGNS, LLC :
:
    Defendant. :

THOMPSON, U.S.D.J.

## I.    INTRODUCTION

This matter has come before the Court upon Defendant Premier Interior Designs, LLC's ("Premier Interior") Motion to Vacate Default Judgment [docket # 32]. Plaintiffs International Union of Painters and Allied Trades District Council 711 Health & Welfare, Vacation, and Apprentice Funds ("PDC 711 Funds"), Harry Harchetts, International Painter and Allied Trades Industry Pension Fund ("IUPAT Fund") and Gary J. Meyers (collectively, "Plaintiffs") oppose the motion [34]. The Court has decided the motion upon the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant's Motion is granted.

## II.  BACKGROUND

Plaintiffs International Union of Painters and Allied Trades District Council 711 Health & Welfare, Vacation, and Apprentice Funds ("PDC 711 Funds"), Harry Harchetts, International Painter and Allied Trades Industry Pension Fund ("IUPAT Fund") and Gary J. Meyers (collectively, "Plaintiffs") filed the initial Complaint on November 11, 2008, against Premier Interior Designs, LLC ("Premier Interior") and Vincent Gallo ("Gallo"), individually, jointly, severally and in the alternative [1].  On January 28, 2009, upon Plaintiffs' request, the clerk entered default as to Premier Interior for failure to plead.  On April 6, 2009, Plaintiffs filed a Motion for Default Judgment [8]. We denied that motion without prejudice in an Order dated July 8, 2009, based on the Plaintiffs' failure to sufficiently support their request for judgment[1] [11].

Plaintiffs then filed an Amended Complaint on November 20, 2009, against Premier Painting and Decorating, Inc., d/b/a Premier Interior Designs, LLC ("Premier Painting") [13].  On January 15, 2010, upon Plaintiffs' request, the Clerk entered default as to Premier Painting for failure to plead.  This Court held a hearing on June 3, 2010, to determine the amount of damages. We then granted the Plaintiffs' Motion for Default on June 14, 2010, ordering payment of $51,197.11 to PDC 711 Fund and $114,051.45 to the IUPAT Fund, in addition to attorneys' fees and costs of $19,888.90 [22].

On September 10, 2010, Defendant Premier Painting filed the present Motion to Vacate Default.  In support thereof, Defendant raises two arguments: (1) that the default judgment was "void" under Fed. R. Civ. P. 55(c), and (2) that the discretionary factors laid out by the Third Circuit favor vacatur.

---

[1]  Specifically, Plaintiffs failed to specify which provision of the CBA bound the Defendants, separately-claimed unpaid contribution amounts appeared to overlap, and one of the documents was an uncertified email from an unidentified individual.

III.     ANALYSIS

A. Legal Standard for Motions to Vacate Default

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c).  Rule 60(b) lays out six reasons for which a court may grant relief from a final judgment, including where "the judgment is void." Fed. R. Civ. P. 60(b)(4).

Where a default judgment was authorized, a district court may nonetheless exercise its discretion to vacate default based on the following factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.  *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985).  Vacatur should be liberally granted so that cases may be decided on the merits.  *See, e.g.*, *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

B. Service of Process

Defendant argues that the default judgment was "void" under Rule 60(b)(4) due to ineffective service of process.  Fed. R. Civ. P. 60(b)(4).[2]

Service of process is governed by Rule 4(h), which establishes two ways by which service may be effected in a judicial district of the United States.  Fed. R. Civ. P. 4(h)(1).  First, process may be served by "delivering a copy of the summons and of the complaint to an officer, a managing agent or general agent, or any other agent authorized by appointment or by law to receive service of process and [if required by statute] by also mailing a copy of each to the

---

[2] Related to this claim, Defendant also argues that Plaintiffs' Amended Complaint should be dismissed in its entirety for insufficiency of service of process or, in the alternative, that the improper service of process be quashed.  (Mem. in Supp. 9–10.)

defendant[.]"  Fed. R. Civ. P. 4(h)(1(B).

Second, process may be served as specified in Rule 4(e)(1)—namely, "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1).  The relevant New Jersey statute provides that service upon a corporation must be made by serving a copy of the summons and complaint on

> any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties . . . .

N.J. Ct. R. 4:4-4(a)(6).

Here, Plaintiffs served the Summons and Complaint upon Chelsea Gallo, at 132 Sycamore Avenue, Middletown, NJ.  (Opp'n Br. Ex. O.)  However, although Chelsea Gallo appears to be listed on the Proof of Service as "managing agent" for Premier Painting, she has never been employed by Premier Painting.  To the contrary, she is merely the niece of Vincent Gallo and happens to reside at 132 Sycamore.  (Mem. in Supp. 5–6.)  Plaintiffs assert that when they served Chelsea Gallo, she replied affirmatively when asked whether she was authorized to accept service of process on behalf of Premier Painting.  (Opp'n Br. 8.)  However, Ms. Gallo's voluntary acceptance of service does not transform her into a "managing agent" under either Fed. R. Civ. P. 4(h)(1)(B) or N.J. Ct. R. 4:4-4(a)(6).  Plaintiffs argue in the alternative that, even if Ms. Gallo was not a managing agent, service was proper under N.J. Ct. R. 4:4-4(a)(6), which allows service on "a person at the principal place of business of the corporation in this State in charge thereof," (Opp'n Br. 10. (citing N.J. Ct. R. 4:4-4(a)(6)).  Plaintiffs assert that because the principal business

address for Premier Painting is 132 Sycamore,[3] "service of process on *anyone* at that address" was proper. (*Id.*) This argument is unfounded in light of the plain language of the statute, which requires that the person served at the principal place of business also be "in charge thereof." N.J. Ct. R. 4:4-4(a)(6). Even assuming that 132 Sycamore is Premier Painting's principal place of business, we cannot conclude that Chelsea Gallo, a non-employee of Premier Painting, was "in charge" of that place of business. Accordingly, because Plaintiffs failed to properly serve the Defendant as provided by either the Federal Rules or the New Jersey Rules, we must quash the ineffective service of process and therefore set aside our default judgment as "void" under Fed. R. Civ. P. 60(b)(4).

## C. Discretionary Factors for Vacatur

Although we have already concluded the default judgment was void for ineffective service of process, we note that, in the alternative, the three discretionary factors under *Gold Kist* favor vacatur as well.

First, we do not see any demonstrable prejudice to the Plaintiffs, particularly given the short amount of time—less than four months—from the entry of default judgment on June 14, 2010, until the filing of Defendant's Motion to Vacate on September 9, 2010. We are unconvinced by Plaintiffs' argument that their litigation costs amount to prejudice, (Opp'n Br. 11); such costs are to be expected when bringing a lawsuit. Plaintiffs' allusion to the sacrosanct nature of the requested health and pension benefits is similarly unpersuasive, (*id.*), considering "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient" to prevent vacatur. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982).

Second, while the Defendant has not exhaustively substantiated its defenses, its arguments

---

[3] Plaintiffs assert that the Business Entity Status Report they found on the New Jersey State Business Gateway Service listed 132 Sycamore as Premier Painting's Principal Business Address, (Opp'n Br. 3.)

appear facially to have some merit.  *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (stating that defendant must "set forth with some specificity the grounds for [its] defense" (quoting *Harad v. Aetna Cas. & Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1998))).  Namely, Defendant asserts that Premier Interior was not a signatory to the CBA and that there is no evidence that Premier Interior is the alter ego of Premier Painting.  These assertions are sufficiently specific and, if proven at trial, would constitute meritorious defenses.

Finally, as to the culpability of Defendant's conduct, Plaintiffs assert that the Defendant must have acted culpably, given that the initial Complaint was properly served on Vincent Gallo, as well as the fact that Vincent Gallo apparently attempted to telephone Plaintiffs' counsel.  (Opp'n Br. 14.)  However, we cannot conclude that service upon Premier Interior provided notice of suit to Premier Painting where that conclusion rests solely on the contested allegation that Premier Painting is Premier Interior's alter ego.  Additionally, we are reluctant to place dispositive weight on a phone call that was never answered by Plaintiffs' counsel.

Thus, we find that, in addition to the default judgment being void, the discretionary factors favor vacatur.

-7-

IV.     CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 11th day of January, 2011

ORDERED that the Service of Process effected upon Defendant is QUASHED; and it is

ORDERED that Defendant's Motion to Vacate Default Judgment [32] is GRANTED.


                               */s/ Anne E. Thompson*

                               ANNE E. THOMPSON, U.S.D.J.